<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MANUEL BROWN, | : | |
| | : | Civil Action No. 06-471 (GEB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| ROY HENDRICKS, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Manuel Brown, <u>Pro</u> <u>Se</u>
#243645
Southwoods State Prison
215 Burlington Road
Bridgeton, NJ 08302

RECEIVED

MAY 9 2006

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

**BROWN, JR.**, Chief Judge

Plaintiff, Manuel Brown, currently incarcerated at the South Woods State Prison, Bridgeton, New Jersey, seeks to bring this action pursuant to 28 U.S.C. §§ 1915(e) and 1915A, alleging violations of his constitutional rights.  Based upon his affidavit of indigence, the Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of Court to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether Plaintiff states cognizable claims or whether the complaint should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it
seeks monetary relief from a defendant who is immune from such
relief.  For the following reasons, Plaintiff's complaint will be
dismissed.

### BACKGROUND

The following factual allegations are taken from the
Plaintiff's Complaint and are accepted as true for purposes of
this review.

Plaintiff states that while incarcerated at the New Jersey
State Prison, a search of a food cart by prison officials
revealed a weapon.  Plaintiff contends that he was falsely
charged in a disciplinary proceeding with possession of this
weapon.  Liberally construing the complaint, Plaintiff alleges
that defendants have violated his constitutional rights by
falsely charging him, finding him guilty of the offense, and
denying his administrative remedies.  Plaintiff asks for monetary
damages for violations of his rights.

### DISCUSSION

#### A.   Section 1915 Review

In 1996, Congress enacted the Prison Litigation Reform Act
("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and
Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321
(April 26, 1996).  Congress's purpose in enacting the PLRA was
"primarily to curtail claims brought by prisoners under 42 U.S.C.

2

§ 1983 and the Federal Tort Claims Act . . . many of which are
routinely dismissed as legally frivolous." Santana v. United
States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the
congressional plan for curtailing meritless prisoner suits is the
requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b),
that a court must dismiss, at the earliest practicable time, any
prisoner actions that are frivolous or malicious, fail to state a
claim, or seek monetary relief from immune defendants.

"A pro se complaint may be dismissed for failure to state a
claim only if it appears 'beyond doubt that the plaintiff can
prove no set of facts in support of his claim which would entitle
him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir.
1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).
However, in determining the sufficiency of a complaint, the Court
must be mindful to construe it liberally in favor of the
plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United
States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should
"accept as true all of the allegations in the complaint and
reasonable inferences that can be drawn therefrom, and view them
in the light most favorable to the plaintiff." Morse v. Lower
Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court
need not, however, lend credit to a pro se plaintiff's "bald
assertions" or "legal conclusions." Id.

**B.**   **Section 1983**

Section 1983 of Title 42 of the United States Code authorizes a person such as plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate (1) that he or she was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States; and (2) that the challenged conduct was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.J. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

**C.**   **Plaintiff's Complaint Will Be Dismissed.**

1.   False Disciplinary Charges

Liberally construing Plaintiff's complaint, Plaintiff alleges that the disciplinary charges for which he was found

guilty were falsely instituted against him, in violation of his due process rights.

A liberty interest protected by the Due Process Clause may arise from either of two sources:  the Due Process Clause itself or State law.  See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Asquith v. Department of Corrections, 186 F.3d 407, 409 (3d Cir. 1999).  With respect to convicted and sentenced prisoners, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate' s treatment by prison authorities to judicial oversight."  Montanye v. Haymes, 427 U.S. 236, 242 (1976), quoted in Hewitt, 459 U.S. at 468 and Sandin v. Conner, 515 U.S. 472, 480 (1995).

"Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law."  Sandin, 515 U.S. at 485 (upholding prisoner's sentence of 30 days' disciplinary segregation following a hearing at which he was not permitted to produce witnesses); see also Asquith, 186 F.3d at 410-11 (no liberty interest under the Due Process Clause in remaining in halfway house).

States, however, may confer on prisoners liberty interests that are protected by the Due Process Clause.  "But these

5

interests will be generally limited to freedom from restraint
which, while not exceeding the sentence in such an unexpected
manner as to give rise to protection by the Due Process Clause of
its own force, nonetheless imposes atypical and significant
hardship on the inmate in relation to the ordinary incidents of
prison life." Sandin, 515 U.S. at 484 (finding that disciplinary
segregation conditions which effectively mirrored those of
administrative segregation and protective custody were not
"atypical and significant hardships" in which a state conceivably
might create liberty interest). In Griffin v. Vaughn, 112 F.3d
703, 708-09 (3d Cir. 1997), the Court of Appeals for the Third
Circuit held that a 15-month confinement in administrative
custody did not impose "atypical and significant hardship," even
in the face of a state regulation requiring release to the
general population after 20 days in the absence of a misconduct
charge. The Court of Appeals did note, however, that if an
inmate is committed to undesirable conditions for an atypical
period of time in violation of state law, that is a factor to be
considered in determining whether the prisoner has been subjected
to "atypical and significant hardship" triggering due process
protection. Id.

Plaintiff contends that defendants asserted false
disciplinary charges against him. As Plaintiff has not alleged
that these false disciplinary charges have affected the duration

6

of his sentence or otherwise caused him any atypical and significant hardship, he has failed to state a claim.  See Wilson v. Wellman, 238 F.3d 426, 2000 WL 1829265 (6th Cir. Dec. 6, 2000); Washington v. Madding, 189 F.3d 476, 1999 WL 511125 (9th Cir. July 15, 1999).

   2.  Due Process in Disciplinary Hearing

   Liberally construing the instant complaint, Plaintiff alleges that he was denied due process in his disciplinary hearing and administrative remedy process.

   In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  411 U.S. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that

7

imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or

8

> sentence has already been invalidated.  But if the
> district court determines that the plaintiff's action,
> even if successful, will <u>not</u> demonstrate the invalidity
> of any outstanding criminal judgment against the
> plaintiff, the action should be allowed to proceed, in
> the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court further held that
"a § 1983 cause of action for damages attributable to an
unconstitutional conviction or sentence does not accrue until the
conviction or sentence has been invalidated."  <u>Id.</u> at 489-90.

More recently, in <u>Edwards v. Balisok</u>, 510 U.S. 641 (1997),
the Supreme Court applied the lessons of <u>Preiser</u> and <u>Heck</u> to a
state prisoner action, seeking compensatory and punitive damages,
challenging the constitutionality of procedures used in a prison
disciplinary proceeding that resulted in the loss of good-time
credits, but not necessarily challenging the result and not
seeking the restoration of the good-time credits.  Again, the
Court emphasized that such a claim is not cognizable under § 1983
if a favorable outcome would necessarily imply the invalidity of
the challenged judgment, there the disciplinary finding and
punishment.  520 U.S. at 646-8.

Here, as Plaintiff has been found guilty of the disciplinary
charges, a favorable outcome in this civil rights case would
necessarily imply the invalidity of the disciplinary finding and
punishment.  Accordingly, Plaintiff's claim is not cognizable at
this time and must, therefore, be dismissed without prejudice.

9

**CONCLUSION**

For the foregoing reasons, Plaintiff's complaint will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate Order accompanies this Opinion.

_____
GARRETT E. BROWN, JR., Chief Judge
United States District Court

Dated:  May 9, 2006